UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE GUZMAN SALCEDO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-814 (RMC) |
| | ) |
| CHARLES O. ROSSOTTI *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis,* filed this civil rights action under 42 U.S.C. §§ 1983, 1985, and *Bivens*,[1] alleging that the Defendants, who are officers or agents with the U.S. Department of Treasury, participated in fabricating false criminal charges against him, resulting in his invalid and unconstitutional conviction, incarceration, and forfeiture of property, in order to protect the illicit activities of the Commissioner of the Internal Revenue Service. He seeks damages and return of the forfeited property.  The Court, upon *sua sponte* review, will dismiss the Plaintiff's *pro se* Complaint under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), and applied to *Bivens* actions in *Williams v. Hill*, 74 F.3d 1339, 1340-41 (D.C. Cir. 1996).

In *Heck v. Humphrey*, the plaintiff alleged that prosecutors and police investigators involved in his criminal prosecution had engaged in unlawful conduct that led to his arrest and conviction.  512 U.S. at 479.  The Supreme Court concluded that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments

---

[1] *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Id*. at 486. Accordingly,

> in order to recover damages from allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id*. at 486-87. "The district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487.

Here, the wrongs that Plaintiff alleges, if proved, would render his conviction invalid. The Plaintiff has not demonstrated that his conviction or sentence has already been invalidated. Therefore, pursuant to *Heck v. Humphrey,* this civil rights action for damages must be dismissed. In light of the immediate disposition of this case, the Court will vacate its Order requiring Plaintiff to pay any portion of the filing fee from his prisoner trust fund account.

A separate Order accompanies this Memorandum Opinion.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

Date:   May 29, 2008