1   Jose Guzman Salcedo
    V30843     A2-143U
2   I.S.P.     Box 2199
    Blythe,    Ca. 92226
3

4   Pro Per Plaintiff

5

6

7

8                           UNITED STATES DISTRICT COURT

9   Original        FOR THE DISTRICT OF COLUMBIA        RECEIVED

10                                                      JUN 2 3 2008

11  JOSE GUZMAN SALCEDO,    )    NO. 08-814 (RMC)    NANCY MAYER WHITTINGTON, CLERK
              Plaintiff,    )                            U.S. DISTRICT COURT
12                         )    MOTION FOR RECONSIDERATION; OR
                           )    ALTER OR AMEND JUDGMENT; AND
13         V.              )    RELIEF FROM DEFAULT FOR ANY
                           )    DELAY
14                         )
    CHARLES O. ROSSOTTI,   )    Fed. R. Civ. P., Rule 59(e)
15  STEVE GEARY,           )    Fed. R. Civ. P., Rule 60(b)
    TIMOTHY CAMUS,         )
16  LUKE YOO, AND          )    Hon. Rosemary M. Collyer
    FIVE UNKNOWN AGENTS.   )    U.S. District Judge
17          Defendants,    )
    _____)    Date: _____
18                              Time: _____
19                              Dept: _____
                                Return: _____
20

21          TO THE HONORABLE ROSEMARY M. COLLYER, UNITED STATES DISTRICT

22                   JUDGE FOR THE DISTRICT OF COLUMBIA

23

24      Plaintiff in the above action, respectfully requests for an Order Altering

25  or Amending the Judgment, and Relief From Default For any Delay.  Fed. R.

26  Civ. P., Rules 59(e) and 60(b).

27      Wherefore, Plaintiff files the instant Motion For Reconsideration and

28  respectfully asks this Court to reconsider its previous ruling.

                                -1-

On May 29, 2008, this Court filed an Order regarding the above matter, however, Plaintiff did not receive the Order until June 6, 2008; any Motion For Reconsideration was thus due two days later on June 8, 2008. Plaintiff has not been afforded sufficient time within which to file a Motion For Reconsideration. Therefore, Plaintiff respectfully brings the instant Motion For Reconsideration; or Alter or Amend the Judgment; And Relief From Default For Any Delay. ("Motion For Reconsideration")

Plaintiff argues that this Court's Order dated May 29, 2008, is in err, and based on the following, requests reconsideration of this Court's findings and conclusions:

In this Court's Order, the Court stated:

> "[P]laintiff, a prisoner proceeding pro se and in forma
> pauperis, filed this civil rights action under 42 U.S.C. §§
> 1983, 1985, and Bivens[1], alleging that the Defendants, who
> are officers or agents with the U.S. Department of Treasury,
> participated in fabricating false criminal charges against
> him, **resulting in his invalid and unconstitutional conviction,
> incarceration,** and forfeiture of property, in order to protect
> the illicit activities of the Commissioner of the Internal
> Revenue Service. He seeks damages and return of the forfeited
> property. The Court, upon sua sponte review, will dismiss
> the Plaintiff's pro se Complaint under the rule announced in
> Heck v. Humphrey, 512 U.S. 477 (1994), and applied to Bivens
> actions in Williams v. Hill, 74 F.3d 1339,1340-41 (D.C. Cir.
> 1996)."(Emphasis and underscore added.)

> "[I]n Heck v. Humphrey, the plaintiff alleged that

---

[1] See **Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)**

prosecutors and police investigators involved in his **criminal prosecution** had engaged in unlawful conduct that led to his arrest **and conviction.** 512 U.S. at 479. The Supreme Court concluded that 'the hoary principle that civil tort actions are not appropriate vehicles for **challenging the validity of outstanding criminal judgments** applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of **his conviction or confinement.'** Id. at 486. Accordingly,

> in order to recover damages from allegedly unconstitutional **conviction or imprisonment,** or for other harm caused by actions whose unlawfulness would render **a conviction or sentence** invalid, a §1983 plaintiff must prove that the **conviction or sentence** has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254.

Id. at 486-87. 'The district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his **conviction or sentence;** if it would, the complaint must be dismissed **unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'** Id. at 487." (Emphasis' and underscore added.)

"[H]ere, the wrongs that Plaintiff alleges, if proved, would render **his conviction** invalid. **The Plaintiff has not demonstrated that his conviction or sentence has already been invalidated.** Therefore, pursuant to Heck v. Humphrey, this civil rights action for damages must be dismissed..." (Emphasis and Underscore added.)

### INTRODUCTION

1   This case originated from retalitory action from the actors in this civil

2   Complaint that led to charges filed against Plaintiff in San Bernardino

3.  County case number FWV O25776, where numerous law enforcement agencies went

4   through Plaintiff's property, confiscating valuable items and even digging

5   up Plaintiff's backyard for evidence of criminal activities, however, due to

6   the fact no incriminating evidence was found, **all charges were dismissed**

7   **against Plaintiff on motion of the district attorney,** but not without

8   numerous civil rights violations against Plaintiff including, but not

9   limited to, invasion of privacy, illegal search and seizures, false

10  imprisonment, excessive use of force (Plaintiff received beating at hands

11  of law enforcement officers).  In addition, none of Plaintiff's properties,

12  monies, valuables, papers, homes or bank accounts were ever returned after

13  the charges were dismissed.  This [civil] action is distinguishable from

14  all Plaintiff's [criminal] challenges to his current unrelated criminal

15  matters now pending in the California Federal courts, No. Salcedo v. Ollison,

16  EDCV 06-1068-GPS (AGR).

17  ///

18                          **ARGUMENT**

19          **THE COMPLAINT DOES NOT CHALLENGE ANY OUTSTANDING**

20          **CRIMINAL JUDGMENT AGAINST PLAINTIFF UNDER** HECK V.

21          HUMPHREY **AND SHOULD BE ALLOWED TO PROCEED**

22  Plaintiff contends the instant civil rights Complaint does not challenge

23  his current and distinguishable conviction and sentence, and should be

24  allowed to proceed.

25  Here, the District Judge's Order is in err because the decision of the

26  Order is based on the determination that Plaintiff is challenging his

27  current conviction and/or sentence.  Plaintiff argues that he is not

28  challenging his current conviction or sentence in this Complaint that,

                              -4-

1  that challenge is being pursued via Petition For Writ of Writ of Habeas

2  Corpus in the case of <u>Salcedo v. Ollison</u>, No. EDCV 06-1068-GPS (AGR), and

3  that, that conviction and/or sentence is a separate and distinct criminal

4  action than the civil matter at hand.

5     In the case at hand, **there is no conviction or sentence to challenge**

6  **because the criminal charges were all <u>dismissed</u> in the beginning on motion**

7  **of the district attorney, however, none of the property or assets taken were**

8  **returned.**  Plaintiff is in prison on a separate and distinct judgment of

9  conviction.  Plaintiff sues for the return of the property and assets taken

10  in the dismissed case.

11     Specifically, the case in which Plaintiff brings the instant civil rights

12  action originated from a visit with Charles O. Rossotti, et al., and carried

13  over in the form of retaliation to California, where, in San Bernardino

14  County, case number FWV 025776, in which was **DISMISSED** against Plaintiff.

15  (See attached Minute Orders)  However, Plaintiff's property and assets were

16  not returned, in which was stated in the Complaint.  (See Complaint, pp.:

17  12:25-28; 13:18-21; 16:18-21; 19:13-22; 20:21-23; 23:13-16: 24:23-25; 25:7-9;

18  25:26-28; 26:18-20; 26:21-23; [26:24-25]; 27:4-6; 33:22; 34; 35:4; 35:12-14.)

19  (And Exhibits thereof).  Plaintiff sufficiently stated in the Complaint that

20  the charges in connection with [that] arrest were dismissed or invalidated

21  on motion of the district attorney, and that Plaintiff is therefore simply

22  seeking the return of all confiscated properties and assets, and any other

23  relief this Court would deem appropriate in the interest of justice.

24     In <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364,2372 (1994), the Court

25  stated that if the suit "will not demonstrate the invalidity of any

26  outstanding criminal judgment against the plaintiff, the action should be

27  allowed to proceed."

28     This Court's Order dated May 29, 2008, is in err because it is

1  inaccurately based upon an alleged challenge to a conviction or sentence.

2  Therefore, Plaintiff is entitled to reconsideration by this Court, and based

3. upon the err, should be allowed to proceed with the Complaint.

4      In addition, due to the complexities of this case, such that Plaintiff

5  does not understand how to properly bring pleadings in support of his claims,

6  hereby respectfully reinstates his request for appointment of counsel

7  pursuant to: Fed. R. Civ. P., Rule 7(b); 18 U.S.C. §3006A(g); 28 U.S.C.

8  §1915(e)(1); 28 U.S.C. §2254(h); and Denton v. Hernandez, (1992) 504 U.S. 25;

9  Rowland v. California Men's Colony, (1993) 506 U.S. 194.

10  ///

11                                              Respectfully Submitted,

12  Dated: June 16, 2008

13                                              Jose Guzman Salcedo

14                                              Plaintiff

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

*PROOF OF SERVICE*

<u>Declaration of Service by Mail</u>

I, _____Jose Guzman Salcedo_____, declare that I am over the age of

Eighteen (18) and that I (am / am not) a party to this action. On _June_____

__16th_____, 20_08_____, I deposited a copy of the following document (s):

MOTION FOR RECONSIDERATION; OR

ALTER OR AMEND JUDGMENT; AND

RELIEF FROM DEFAULT FOR ANY DELAY

in a sealed envelope with the postage prepaid into the United States mail

outlet via an authorized California Department of Corrections employee at

Ironwood State Prison, in Riverside County, Blythe, California, and

address as follows:

> 1) Clerk of the U.S. District Court
>    District of Columbia, Washington
>    U.S. Courthouse
>    333 Constitution Ave. NW
>    Washington, D.C. 20001-2804

I declare under penalty of perjury by the laws of the State of

California that the foregoing is true and correct (pursuant to 28 USCA § 1746 (2) ).

DATE _June 16, 2008_____            SIGNATURE _Jose H. Salcedo_

                                     Jose Guzman Salcedo
                                     Pro Per Plaintiff

# APPELLATE DEFENDERS, INC.
555 WEST BEECH STREET
SUITE 300
SAN DIEGO, CA 92101-2939

(619) 696-0282
Automated Attendant: (619) 696-0284

May 9, 2006

Jose Guzman Salcedo
CDCR # V-30843
Ironwood State Prison, A2-143L
P.O. Box 2199
Blythe, CA 92226

Re:    <u>FWV 025776</u>

Dear Mr. Salcedo:

The San Bernardino Superior Court Appeals Department has forwarded to us your letter requesting information on how to receive transcripts in a dismissed case, FWV025776. The court also forwarded its previous responses to your letters requesting reporter's transcripts. As the court indicated, there are no transcripts for that case number, and without an active case, the court cannot order preparation of transcripts. In checking the minutes of the court for case number FWV025776, it appears the court received a letter and a motion from you seeking investigation of corruption by state and federal officials, which it indicates had been previously denied in 2004. Nevertheless, the court ordered preparation of a reporter's transcript of that hearing on April 5, 2006 and directed that you receive a copy of it. I inclose copies of the court minutes for the preliminary hearing, the hearing at which your case was dismissed, and the post-dismissal hearing conducted relating to your motion and petition.

Like the San Bernardino Superior Court, we are unable to assist you in ordering preparation of a transcript for dismissed case. However, if you have funds, you may contact the court reporters who were present at the various hearings you attended prior to the dismissal to arrange for the transcripts yourself. I note that your most recent applications have indicated you need the transcripts to obtain return of property. A copy of the transcripts will not aid you in seeking return of property. To seek return of property you must file a separate motion and identify the property. The prison should have forms for this type of motion since it is commonly filed by inmates acting pro se.

I am sorry that neither the court nor Appellate Defenders, Inc. can help you in this

Jose Guzman Salcedo, CDCR #V-30843
May 9, 2006
Page 2

matter.

If you have any questions, please contact me at the address or telephone number in the letterhead.

Sincerely,

Carmela F. Simoncini
Staff Attorney

CFS:mb
Encl.

 **Minutes** 

| Home | Def. Status | Def. Info | Charges | Actions | Minutes | Probation | Case Report |

**Fine Info**

**Defendant 1 of 1**

**Action:** HEARING(AFTER CERT/HTA)RE: Motion Petitioning Cour - 04/05/2006  ▾

## Case FWV025776 Defendant 1344357 SALCEDO, JOSE GUZMAN

*Action:* HEARING(AFTER CERT/HTA)RE: Motion Petitioning Court for an Investigation

*Date:* 04/05/2006

*Division:* R20

*Time:* 11:11 AM

*Hearing Status:* DISPOSED

SHAHLA S SABET
CLERK JULIE BRIGUGLIO
REPORTER AMY SCHLOTTERBECK
BAILIFF G.DECKER
-
APPEARANCES
DEPUTY DISTRICT ATTORNEY SCOTT BYRD PRESENT.
ATTORNEY BARRY BERNSTEIN NOT PRESENT.
DEFENDANT NOT PRESENT - CURRENTLY IN STATE PRISON
-
PROCEEDINGS
THE COURT HAS READ AND CONSIDERED DEFENDANTS
LETTER IN PRO PER DATED 1-31-06 AND DEFENDANTS
MOTION PETITIONING COURT FOR AN INVESTIGATION FOR
CORRUPTION BY STATE AND FEDERAL OFFICIALS.
-
THIS MOTION WAS PREVIOUSLY DENIED BY JUDGE PAUL
M.BRYANT IN 2004.
-
MOTION IS DENIED. PETITION IS DENIED.
CSR AMY SCHLOTTERBECK IS DIRECTED BY THE COURT TO PREPARE A TRANSCRIPT OF THE
PROCEEDINGS HELD ON 040506. COPY OF MINUTE ORDER GIVEN TO REPORTER.
-
COPY OF MINUTE ORDER AND TRANSCRIPT MAILED TO
DEFENDANT THIS DATE. JB
-
CUSTODY STATUS
CASE CUSTODY - STATE PRISON

PREVIOUS MINUTES PRINTED.
PREVIOUS MINUTES PRINTED.
============= MINUTE ORDER END ===============
MOTION GRANTED.

 # Minutes 

| Home | Def. Status | Def. Info | Charges | Actions | Minutes | Probation | Case Report |
|------|-------------|-----------|---------|---------|---------|-----------|-------------|

Fine Info

**Defendant 1 of 1**

**Action:** DISPO/RESET - 03/11/2004

## Case FWV025776 Defendant 1344357 SALCEDO, JOSE GUZMAN

*Action:* DISPO/RESET     *Date:* 03/11/2004     *Time:* 8:30 AM
                          *Division:* R19          *Hearing Status:* DISPOSED

FREDERICK A MANDABACH
CLERK KIM FEMATT
REPORTER GEORGIA BRACAMONTE
DEPUTY DISTRICT ATTORNEY JENNIFER BROOKS PRESENT.
ATTORNEY BARRY BERNSTEIN PRESENT.
DEFENDANT PRESENT IN CUSTODY.
-

PROCEEDINGS
ON MOTION OF DEPUTY DISTRICT ATTORNEY, CASE IS DISMISSED PURSUANT TO 1385 PC .
-

CUSTODY STATUS
DEFENDANT RELEASED.
RELEASE ISSUED.
============ MINUTE ORDER END ===============
PREVIOUS MINUTES PRINTED.
CASE CLOSED.

 **Minutes** 

| Home | Def. Status | Def. Info | Charges | Actions | Minutes | Probation | Case Report |

Fine Info

**Defendant 1 of 1**

**Action:** | PRELIMINARY HEARING - 11/26/2002 |

### Case FWV025776 Defendant 1344357 SALCEDO, JOSE GUZMAN

*Action:* PRELIMINARY HEARING    **Date:** 11/26/2002    **Time:** 10:00 AM

    **Division:** R2    **Hearing Status:** DISPOSED

JOAN M BORBA
CLERK ALMA ROMERO
REPORTER MILAKOVICH
DEPUTY DISTRICT ATTORNEY D PEZZA PRESENT.
ATTORNEY CATHERINE LOMBARDO PRESENT.
DEFENDANT PRESENT IN CUSTODY.
-

PROCEEDINGS
DEFENSE COUNSEL WAIVES FORMAL ARRAIGNMENT ON AMENDED COMPLAINT.
DEFENDANT PLEADS NOT GUILTY TO ALL COUNTS.

THE COURT ORDERS THIS CASE TRANSFERRED TO R3. CASE ASSIGNED TO PETER H NORELL.
-

HEARINGS
HEARING CONTINUED TO 11/26/2002 AT 11:00 IN DEPARTMENT R3.
-

CUSTODY STATUS
CASE CUSTODY - IN CUSTODY
============= MINUTE ORDER END ===============

 **Minutes** 

| Home | Def. Status | Def. Info | Charges | Actions | Minutes | Probation | Case Report |

Fine
Info

Defendant 1 of 1

**Action:** PRELIGINARY HEARING - 11/26/2002

## Case FWV025776 Defendant 1344357 SALCEDO, JOSE GUZMAN

*Action:* PRELIMINARY HEARING    *Date:* 11/26/2002    *Time:* 11:00 AM

*Division:* R3    *Hearing Status:* DISPOSED

PETER H NORELL
CLERK ALICE CHAVEZ
REPORTER DEBBIE GODINEZ
BAILIFF DENNIS OKEEFE
DEPUTY DISTRICT ATTORNEY D PEZZA PRESENT.
ATTORNEY CATHERINE LOMBARDO PRESENT.
DEFENDANT PRESENT IN CUSTODY.

PROCEEDINGS
MOTION TO EXCLUDE WITNESSES, GRANTED. PEOPLE DESIGNATE DET SCUTURRO AS
INVESTIGATING OFFICER AND IS EXEMPT FROM THE EXCLUSION.
PEOPLE'S WITNESS 1. DET SCUTURRO SWORN AND TESTIFIES.
PEOPLE AMEND THE COMPLAINT TO CORRECT THE DATE OF THE SECOND OFFENSE DATE AS
10/10/01
PEOPLE'S EXHIBIT(S) 1-COPY OF CHECK ENTERED INTO EVIDENCE.
PEOPLE'S EXHIBIT(S) 2. COPY OF CHECK ENTERED INTO EVIDENCE.
PEOPLE'S EXHIBIT(S) 5-COPY OF CHECK ENTERED INTO EVIDENCE.
PEOPLE'S EXHIBIT(S) 6-COPY OF CHECK ENTERED INTO EVIDENCE.

PEOPLE'S EXHIBIT(S) 3-CERTIFIED PRIOR ENTERED INTO EVIDENCE.
PEOPLE'S EXHIBIT(S) 4-CERTIFIED PRIOR ENTERED INTO EVIDENCE.
PEOPLE'S EXHIBIT(S) 1 THRU 6 ENTERED INTO EVIDENCE.
PLAINTIFF REST.
NO AFFIRMATIVE EVIDENCE PRESENTED BY THE DEFENSE.

MOTIONS
MOTION BY PEOPLE TO HOLD THE DEFENDANT TO ANSWER IN THE SUPERIOR COURT.
DEFENSE MOTION TO DISMISS COUNT 2 IS DENIED.

ON MOTION OF DA, COURT ORDERS DEFENDANT HELD TO ANSWER IN SUPERIOR COURT TO ALL

COUNTS/ALLEGATIONS AND/OR PRIORS.

HEARINGS

ARRAIGNMENT ON INFORMATION SET FOR 12/13/2002 AT 8:30 IN DEPARTMENT R19.

DEFENDANT WAIVES TIME FOR ARRAIGNMENT DEFENDANT MAKES A REQUEST FOR DISCOVERY PEOPLE TO COMPLY WITH DISCOVERY REQUEST

CUSTODY STATUS

CASE CUSTODY - IN CUSTODY

BAIL REMAINS AS SET.

BY STIPULATION EXHIBITS ORDERED RETURNED TO THE PEOPLE.

============= MINUTE ORDER END ================