Jose Guzman Salcedo
V30843      A2-143U
I.S.P.      Box 2199
Blythe,     Ca. 92226

Plaintiff Pro Se



**RECEIVED**

JUN 2 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA, WASHINGTON

*Original Copy*

| | |
|---|---|
| JOSE GUZMAN SALCEDO,<br>　　　　Plaintiff,<br><br>　　　　V.<br><br>CHARLES O. ROSSOTTI, STEVE GEARY,<br>TIMOTHY P. CAMUS, LUKE YOO, AND<br>FIVE UNKNOWN AGENTS, et al.,<br>　　　　Defendants, | CASE NO. 08-814 (RMC)<br><br>NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF COUNSEL; AND DECLARATION OF JOSE GUZMAN SALCEDO; and Gary Walker<br><br>Fed. R. Civ. P., Rule 7b<br>18 U.S.C. §3006A(g)<br>28 U.S.C. §1915(e)(1)<br>28 U.S.C. §2254(h)<br><br>Date: _____<br>Time: _____<br>Dept: _____<br>Return: _____ |

TO THE HONORABLE ROSEMARY M. COLLYER, UNITED STATES DISTRICT

JUDGE FOR THE DISTRICT OF COLUMBIA

Plaintiff, Jose Guzman Salcedo, in pro se and in forma pauperis, respectfully moves this Honorable Court for appointment of counsel pursuant to **18 U.S.C. §3006A(g)**, which provides that counsel may be appointed for an impoverished...petitioner whenever "the court determines that the interests of justice so requires..." Such appointment of counsel becomes mandatory

-1-

when an evidentiary hearing is required. **Rule 8, 28 U.S.C. foll. §2254;** <u>Wood v. Wainwright,</u> 597 F.2d 1054 (5th Cir. 1979). Therefore, Plaintiff moves this Court for an order appointing counsel at public expense. 28 U.S.C. §1915(e)(1), 2254(h); 18 U.S.C. §3006A(g).

In <u>Denton v. Hernandez,</u> (1992) 504 U.S. 25, the Supreme Court held that enacting the Federal <u>in forma pauperis</u> statute, Congress intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute or defend any civil action, in any court of the United States, solely because poverty makes it impossible to pay or secure costs of litigation.

In <u>Rowland v. California Men's Colony,</u> (1993) 506 U.S. 194, the Supreme Court stated that since <u>in forma pauperis</u> status is a prerequisite to appointment of counsel, the court should liberally grant such status in the interest of justice and when the indigent litigant shows he has a non-frivolous cause of action dealing with his liberty interests under Constitutional purview.

In Plaintiff's case, counsel should be appointed because (1) Plaintiff is incarcerated and without sufficient funds; (2) Defendants in this case have taken complete control of every aspect of Plaintiff's monetary income, including but not limited to, bank accounts, cash, properties, valuables, stocks, bonds, certificates, and financial statements (even after the charges were dismissed, Defendants refuse to return monetary control to Plaintiff); and (3) Plaintiff is a layman at law and a Mexican National (with U.S. citizenship), uneducated in American law and judicial procedures, and is unable to adequately bring forth his claims in litigation to properly and correctly argue or explain their merits. Therefore, Plaintiff moves this Honorable Court to appoint counsel for him in the above-entitled cause, and in support thereof, Plaintiff would show the Court that he is incarcerated,

1  indigent, and without funds to retain counsel.  In further support of his
2  request for appointment of counsel, Plaintiff would direct the court to the
3  Declarations filed herein.
4      In further support of Plaintiff's need for appointment of counsel,
5  Plaintiff would direct the Court's attention to the attached Letter from the
6  Appellate Defenders, Inc., and Minute Orders regarding Superior Court case
7  number **FWV025776**, which was **dismissed** against Plaintiff, however, but that
8  Plaintiff cannot obtain the transcripts of the proceedings, nor has any of
9  the confiscated or seized assets been returned to Plaintiff.  Plaintiff is in
10 need of appointed counsel to represent his civil action, in that counsel
11 could procure the discovery that Plaintiff has tried to obtain from the
12 numerous agencies, to no avail.  (See Exhibits in support of Complaint)
13     **WHEREFORE**, for the reasons stated in this Motion, Plaintiff prays for an
14 Order appointing counsel in the above-entitled matter.
15 ///
16                                  RESPECTFULLY SUBMITTED,
17 DATED: 01/23/08
18         06/16/08                          Jose Guzman Salcedo
19 ///                                     Plaintiff Pro Se
   GDW:gdw
20 E86921
   I.L.A.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

-3-

## DECLARATION OF JOSE GUZMAN SALCEDO

I, Jose Guzman Salcedo, hereby declare under penalty of perjury that the following is true and correct:

1. That 28 U.S.C. §1746 provides that in all federal court proceedings, written declarations made under penalty of perjury are permissible in lieu of notarized affidavits. See, **Carter v. Clark**, 616 F.2d 228-30-31 (5th Cir. 1980);

2. That I am the Plaintiff in the above cause of action and that I am incarcerated at Ironwood state Prison, in Blythe, California;

3. That I am indigent and unable to afford counsel to represent me in the herein proceedings now before this Honorable Court;

4. That my total assets are $ __0__ . My income is $ __0__ per month, and I am in need of competent legal representation in this matter, in that I am originally from Mexico, whereas I do not comprehend American law or judicial procedures;

5. That my documents are prepared by another prisoner who informs me that the prison law library is inadequate and not up to date with daily changes in the laws, and judicial forms, and access to the State Law Library has been terminated, thus he cannot adequately, competently, or effectively assist me with my legal matters past the initial filings;

6. That my case is complex and counsel should be appointed so that my interests and rights may be protected by the professional assistance required pursuant to **Rule 7b, Fed. R. Civ. P.; and 18 U.S.C. §3006A(g)**;

7. That my claims are meritorious and should be addressed accordingly through an attorney experienced in civil litigation for an effective defense;

8. That appointed counsel would explain the applicable legal principles to me and limit litigation to potentially meritorious issues. In addition, appointment of a lawyer provides the unlettered inmate with an opportunity to obtain representation equally qualified with the professional counsel

-4-

1 | usually provided by the state for the Defendants.

2 | ///

3 | Pursuant to **28 U.S.C. §1746**, I declare under penalty of perjury that the
4 | foregoing is true and correct to the best of my knowledge, and upon such
5 | knowledge, I believe to be true.

6 | *[signature]*
7 | Jøse Guzman Salcedo

8 | 07/12, 2007
9 | Dated

10 | ///
11 | GDW:gdw
E-86921
12 | I.L.A.
///
13 | ///
14 | ///
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

-5-

## DECLARATION OF GARY DON WALKER

I, Gary Don Walker, CDCR #E-86921, hereby declare under penalty of perjury that the following is true and correct:

1. That 28 U.S.C. §1746 provides that in all federal court proceedings, written declarations made under penalty of perjury are permissible in lieu of notarized affidavits. See, **Carter v. Clark**, 616 F.2d 228,30-31 (5th Cir. 1980);

2. That I am an inmate confined at Ironwood State Prison, in Blythe, California, and not a party to this action;

3. That I have spent 31 months working as a law clerk in the Facility "A" Law Library, and a total of 7-years studying criminal law and judicial procedures, here; and I have first hand knowledge that the Law Libraries at Ironwood State Prison, namely Facility "A", are inadequate, do not contain current editions of law books, or supplements, nor is there an outside law source such as the State Law Library due to funding; as is afforded to persons not incarcerated;

4. That I personally know Mr. Jose Guzman Salcedo, Plaintiff in the above cause of action, and I know that Mr. Salcedo cannot effectively comprehend American law or judicial procedures to litigate a civil claim within the courts;

5. That Mr. Salcedo contacted me requesting assistance in the preparation of his civil matter and request for appointment of counsel, in which I agreed to help, but stated that I could go no further because I believed that, based upon the inadequacies of the law library, and access to current changes in the laws, coupled with my limited knowledge in civil litigation, would not allow me to competently nor effectively represent Mr. Salcedo in his civil matters, as that equally afforded to other litigants by attorneys from the State Bar; or equally afforded to the Defendants in this case, who can afford to retain professional representation of counsel;

6. That Mr. Salcedo's case is complex and I believe counsel should be appointed so that his interests and rights may be protected by the professional assistance required pursuant to **Rule 7b, Fed. R. Civ. P; and 18 U.S.C. §3006A(g)**;

7. That I believe Mr. Salcedo's claims are meritorious and should be addressed accordingly through an attorney experienced in litigation and familiar with civil matters for an effective defense, as Mr. Salcedo has alot to lose;

8. That I believe appointed counsel would best explain the applicable legal principles to him and the Court, limiting litigation to potentially meritorious issues. More importantly, based on the reasons contained within this Motion, appointment of a lawyer would provide Mr. Salcedo the opportunity to obtain representation equally qualified with the professional counsel usually provided by the State for the Respondents or Defendants.

///

Pursuant to **28 U.S.C. §1746**, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, and upon such knowledge, I believe to be true.

*[signature]*
Gary Don Walker, E-86921

July 12, 2007
Dated

///
GDW:gdw
E-86921
I.L.A.
///

///

///

-7-

*PROOF OF SERVICE*

<u>Declaration of Service by Mail</u>

I, ___Jose Guzman Salcedo___, declare that I am over the age of

Eighteen (18) and that I (am / ~~am not~~) a party to this action. On __O 6__

__/ 6__, 20 __08__, I deposited a copy of the following document (s):

NOTICE OF MOTION AND MOTION FOR APPOINTMENT

OF COUNSEL; AND DECLARATION OF JOSE GUZMAN SALCEDO;

AND GARY WALKER

in a sealed envelope with the postage prepaid into the United States mail

outlet via an authorized California Department of Corrections employee at

Ironwood State Prison, in Riverside County, Blythe, California, and

address as follows:

1) Clerk of the U.S. District Court
   District of Columbia, Washington
   U.S. Courthouse
   333 Constitution Ave. NW
   Washington, D.C. 20001-2804

I declare under penalty of perjury by the laws of the State of

California that the foregoing is true and correct (pursuant to 28 USCA § 1746 (2)).

DATE __06/16__, 2008      SIGNATURE _/s/ Jose G. Salcedo_

                                       Jose Guzman Salcedo
                                       Plaintiff