UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE GUZMAN SALCEDO, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-814 (RMC) |
| CHARLES O. ROSSOTTI *et al.*, | ) |
| Defendants. | ) |

### ORDER

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis,* has moved for reconsideration of the Court's final Order issued May 29, 2008, for appointment of counsel, and for copies of any proceedings since he filed his motion for reconsideration. The motion for reconsideration will be construed as a motion under Federal Rule of Civil Procedure 60(b) and granted. Plaintiff's other two pending motions will be denied.

On May 29, 2008, this Court issued an Order dismissing this action under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* Dkt. ## 5 & 6. Plaintiff argues that the Court's premise that this action constitutes an attack on Plaintiff's current sentence was a mistake of fact. Plaintiff asserts that this action against Defendant Rossotti and others is unrelated to his current incarceration in a California state prison and does not constitute an attack that on that conviction. Based on the Plaintiff's statements in his motion, the Court concludes that it misunderstood the facts, and that its application of *Heck* was based on that misapprehension of fact. Such a mistake is grounds for relief from a final order. *See* Fed. R. Civ. P. 60(b)(1) (identifying

mistake as a basis for granting relief from a final order). Therefore, the Plaintiff's motion for relief from the Order dismissing the case will be granted.

A plaintiff in a civil case does not have an absolute constitutional or statutory right to court-appointed counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). Any appointment of counsel for a *pro se* plaintiff proceeding *in forma pauperis* will be made taking into account the nature and complexity of the action, the potential merit of the *pro se* party's claims, the demonstrated inability of the *pro se* party to retain counsel by other means, and the degree to which the interests of justice will be served by appointment of counsel. *See* Local Civil Rule 83.11(b)(3). The need for counsel is not evident at this juncture in the case. Therefore, Plaintiff's request for appointed counsel [Dkt. # 10] will be denied without prejudice.

Plaintiff's motion for proceedings [Dkt. # 12] is based on a mistaken premise. In fact, there are no proceedings on the docket in this case of which Plaintiff has not received notice. Accordingly, his motion for proceedings will be denied.

For the reasons stated above, it is hereby

**ORDERED** that plaintiff's motion for reconsideration [Dkt. # 9] be, and hereby is, **GRANTED**, and the Clerk is directed to re-open the case; and it is

**FURTHER ORDERED** that the Order dated May 29, 2008 [Dkt. # 6] dismissing this action be, and hereby is, **VACATED**; and it is

**FURTHER ORDERED** that the Order dated May 9, 2008 [Dkt. # 4] directing periodic payments toward the $350.00 filing fee be, and hereby is, **REINSTATED**; and it is

**FURTHER ORDERED** that a copy of this Order and a copy of the Order dated May 9, 2008 [Dkt. # 4] shall be furnished to the appropriate authorities at Plaintiff's place of incarceration; and it is

**FURTHER ORDERED** that Plaintiff's motion for appointed counsel [Dkt. # 10] be, and hereby is, **DENIED without prejudice**; and it is

**FURTHER ORDERED** that Plaintiff's motion for proceedings [Dkt. #12] be, and hereby is, **DENIED**; and it is

**FURTHER ORDERED** that Defendants shall have until August 29, 2008 to file their responses to the Complaint.

**SO ORDERED**.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

Date:   August 4, 2008